

FILED by \_\_MM\_\_ D.C.

Oct 27, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**22-20507-CR-SEITZ/REID**

CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA,

vs.

**LUIS ENRIQUE RENDON CARDENAS,**

Defendant.

_____/

## INFORMATION

The United States Attorney alleges that:

### GENERAL ALLEGATIONS

At various times relevant to this Information:

1. **LUIS ENRIQUE RENDON CARDENAS** ("**RENDON**") was a resident of Harbor City, California.

2. **LUIS ENRIQUE RENDON CARDENAS** owned and operated International Latin Market ("ILM") from his home in Harbor City, California.

3. Through ILM, **LUIS ENRIQUE RENDON CARDENAS** maintained payment and shipping operations for Peruvian call centers that placed telephone calls to Spanish-speaking residents, or "customers" in the United States; provided Peruvian call centers with lists of Spanish-speaking consumers and call scripts; and processed payments from the Southern District of Florida, and elsewhere.

## COUNT 1
### Conspiracy to Commit Mail and Wire Fraud
### (18 U.S.C. § 1349)

1.  Paragraphs 1 through 3 of the General Allegations section of this Information are realleged and incorporated by reference as though fully set forth herein.

2.  From at least as early as in or around 2011, until in or around November 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**LUIS ENRIQUE RENDON CARDENAS**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others, known and unknown to the United States Attorney, to commit certain offenses against the United States, that is:

   a.  to knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and for the purpose of executing such scheme and artifice, knowingly caused to be delivered certain mail matter by the United States Postal Service and by private and commercial interstate carrier, according to the directions thereon, in violation of Title 18, United States Code, Section 1341; and

   b.  to knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves, and others, by obtaining money from Spanish-speaking consumers in the United States by means of materially false and fraudulent statements and representations concerning, among other things, the consequence of the victims' failure to receive and pay for delivery of products, the conspirators' ability to levy fines and bring lawsuits for failure to receive delivery of products, and the consequences of consumers' failure to pay to settle the threatened fines and lawsuits.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

4. **LUIS ENRIQUE RENDON CARDENAS** obtained lists containing the names and contact information of Spanish-speaking consumers in the United States, who were typically recent immigrants from Mexico and Central America. **RENDON** provided the lists to his co-conspirators at Peruvian call centers.

5. **LUIS ENRIQUE RENDON CARDENAS** and his co-conspirators targeted individuals who recently emigrated from Mexico and Central America because they perceived those individuals to be particularly vulnerable and more likely to be susceptible to their fraudulent scheme.

6. At times, **LUIS ENRIQUE RENDON CARDENAS** emailed call scripts to his co-conspirators in Peru via interstate and foreign wires. For example, one such script emailed from **RENDON** to his co-conspirators in Peru directed the co-conspirator callers to falsely and fraudulently inform the victims that they had won a tablet pre-loaded with English language

3

learning software from a "Hispanic Help Center." The scripts instructed co-conspirator callers to collect identifying information of victims, including their country of origin, their education level, and their profession in order for members of the conspiracy to assess victims' perceived susceptibility to the fraudulent scheme.

7.  **LUIS ENRIQUE RENDON CARDENAS'** call center co-conspirators in Peru used the lists of recent immigrants and the call scripts that **RENDON** provided to them to place unsolicited telephone calls to consumers in the Southern District of Florida and elsewhere. On the calls, **RENDON's** co-conspirators falsely and fraudulently identified themselves as, among other things, representatives of Spanish language television channels or a "Help Center" and falsely and fraudulently promised to provide free or discounted English language learning products and computer tablets.

8.  **LUIS ENRIQUE RENDON CARDENAS'** call center co-conspirators falsely and fraudulently made additional calls to the victims. On these calls, **RENDON's** co-conspirators fraudulently told the victims that they had to make large payments to receive the supposedly free or discounted products. **RENDON's** co-conspirators posed as attorneys and falsely and fraudulently claimed that victims had entered into contracts to receive and pay for the supposed free products and were legally required to comply with contractual obligations to pay hundreds of dollars.

9.  Other times, **LUIS ENRIQUE RENDON CARDENAS'** call center co-conspirators claimed that the victims owed money because they failed to pay for the products that they had previously agreed to purchase and receive, and therefore, the victims were liable for costs such as storage fees and fines. When victims refused to comply with the false demands, **RENDON's** call center co-conspirators falsely and fraudulently threatened victims with negative

4

marks on their credit record, court proceedings, criminal penalties, and immigration consequences until the victims relented and paid. In reality, there were no contracts, no attorneys, and no storage fees, and victims did not face any of the threatened consequences.

10. **LUIS ENRIQUE RENDON CARDENAS** processed payments from the victims and caused mailings to be sent by private or commercial interstate carrier to victims in the Southern District of Florida and elsewhere. After processing these payments, **RENDON** distributed proceeds to his co-conspirators in Peru and kept a portion for himself.

11. To fraudulently induce Spanish-speaking consumers to pay money, **LUIS ENRIQUE RENDON CARDENAS** made, and caused others to make, materially false statements including, among other things, the following:

### Materially False Statements

a. That certain victims qualified for and were selected to receive a free prize;

b. That the callers were calling on behalf of the "Hispanic Help Center," social workers, consumer product companies, large retailers, and shipping companies;

c. That victims had agreed to pay for products, but failed to do so;

d. That victims had agreed to pay for and receive delivery of product shipments but failed to do so;

e. That the victims' failure to receive and pay for product shipments had resulted in costs and fees;

f. That callers were attorneys and were associated with U.S. entities, including FedEx; and

g. That victims who failed to make payments could face negative marks on

their credit records, court proceedings, immigration consequences, criminal charges, and imprisonment.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE
### (18 U.S.C. §§ 981(a)(1)(C) and 982(a)(8)

1. The allegations of this Information are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which one or more of the defendants has an interest.

2. Upon conviction of Title 18, United States Code, Section 1349, as alleged in this Information, the defendants so convicted shall forfeit to the United States all property, real or personal, which constitutes, or is derived from, proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. If the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property, which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States

6

Code, Section 982(a)(8), and the procedures set forth at Title 21, United States Code, Section 853, made applicable by Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 982(b).

*per* JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

GUSTAV W. EYLER
DIRECTOR
U. S. DEPARTMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

*See pmt*
PHILIP M. TOOMAJIAN
SENIOR TRIAL ATTORNEY
MAX GOLDMAN
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

LUIS ENRIQUE RENDON CARDENAS,

_____/
**Defendant.**

**Court Division** (select one)
- ☑ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect: Spanish

4. This case will take **0** days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)
   - I  ☑ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V  ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **Yes**
   If yes, Judge **Scola** Case No. **18-CR-20506**

9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) **No**
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
PHILIP TOOMAJIAN
DOJ Trial Attorney
Court ID No.   A5501275

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**    **LUIS ENRIQUE RENDON CARDENAS**

**Case No:** _____

Count #: 1

Title 18, United States Code, Section 1349

Conspiracy to Commit Mail and Wire Fraud

* Max. Term of Imprisonment:  20 years
* Mandatory Min. Term of Imprisonment (if applicable):  N/A
* Max. Supervised Release:  3 years
* Max. Fine:  $250,000 or twice the gross gain or loss from the offense

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| Luis Enrique Rendon Cardenas, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*